JAMES S. PEARCE *vs.* THOMAS F. McGOWAN.

September 11, 1886.

**Written Contract Superseding Oral Agreement.** — An oral agreement for the furnishing of certain material and doing certain work in the construction of a building, *held* superseded by a subsequent written contract specifying what was to be done, although omitting some things that had been before agreed upon.

**Appeal—Error not Shown by Record.**—It is not to be considered that the court tried the cause upon any erroneous theory, unless it is made so to appear. A remark of the court, of uncertain import, in a note appended to the decision, is insufficient to show such error.

**Findings Sustained by Evidence.**—Evidence considered sufficient to sustain the findings of fact, except as to the amount of the recovery.

Appeal by defendant from an order of the district court for St. Louis county, *Stearns,* J., presiding, refusing a new trial.

*Ensign & Cash,* for appellant.

*W. W. Billson,* for respondent.

DICKINSON, J. The defendant was having a brick and stone building erected upon lands owned by himself. The defendant entered into an oral agreement with the plaintiff that the latter should furnish certain material and do certain carpenter work. After this, and while the plaintiff was engaged in performing that contract, by agreement of the parties the plaintiff drew up a writing, which was signed by them, and which was as follows:

"Contract of J. S. Pearce and Thomas M'Gowan, of Duluth, Minn.

"The said J. S. Pearce agrees to furnish all joists, outside window-frames, and outside sash and doors, one matched floor for first floor, matched floor for the next two floors, matched fencing for roof as per plans of Hinsdale, St. Paul, also put on roof as per plan; the said Thomas McGowan to furnish all hardware and glass; said J. S. Pearce to do all carpenter work for said material for the sum of

eleven hundred dollars, ($1,100;) also girders in basement; also furnish common sky-light sash.

"Signed this first day of December, 1882.

"J. S. PEARCE.

"T. F. McGOWAN."

This action is to recover upon the contract, and to enforce a mechanic's lien. An issue was presented as to whether the plaintiff had fully performed the contract, the defendant asserting a counterclaim for alleged defects in the plaintiff's workmanship, and in the materials furnished by him; and to this, much of the evidence on both sides was directed.

Although, by the prior oral agreement, it was stipulated that the plaintiff should do other work not specified in the written contract, yet the latter must be taken as embodying the contract of the parties, and as having superseded or merged the prior oral agreement.

It is contended, on the part of the appellant, that this contract was not regarded by the court as referring to or including the *specifications*, which, as well as "plans," had been made by Hinsdale, an architect, containing specific provisions as to the manner in which the work embraced in this contract should be performed, and the kind of material to be used; and that the court erroneously determined the issue as to the performance of the contract by the plaintiff, and the sufficiency of the workmanship and material, without regard to the specifications. We may assume that this would have been error. But it does not appear from the record that the court took any such idea of the case; and error is not to be presumed. At most, it can be only inferred, from a remark contained in the memorandum accompanying the decision, that such *may* have been the theory upon which the cause was decided. The remark is not inconsistent with the fact being otherwise.

Upon the matter principally contested,—the quality of the workmanship and material,—the evidence was conflicting. We find no sufficient reason for declaring the findings of fact to be not justified by the evidence.

There is error, however, in the amount of the recovery allowed. The contract price was $1,100, to which should be added $14 for nails and pulleys not included in the contract. Payments were made to the amount of $419.75, leaving unpaid $694.25. The amount allowed is $38.30 in excess of that sum. The order as to the amount of the judgment must be modified by deducting $38.30 from the sum allowed. Such modification being made, the order refusing a new trial is affirmed.